Tighe E. WOODS, Housing Expediter, Appellant, v. Mrs. Violet A. BUDD, Appellee.

No. 10933.

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1949.

Paul Marshall, Cleveland, Ohio, Louise McCarthy, Office of Housing Expediter, Washington, D. C., for appellant.

Appellee not represented.

Before MARTIN, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

The above cause coming on to be heard on the transcript of record and the brief and argument of counsel for the appellant, the appellee having filed no appearance or brief either here or in the District Court, and it appearing that appellee has collected rent overcharges in violation of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq.; and an action having been brought against appellee by the Housing Expediter for injunctive relief and restitution to the tenant of rent overcharges collected from him by appellee; and it appearing that upon default judgment entered in the said action, injunctive relief was granted by the District Court but restitution was denied; and the court being duly advised in the premises,

Now, therefore, it is hereby ordered that the case be remanded to the District Court for entry of a judgment granting appellant's petition for restitution as prayed, as well as for permanent injunction.

Samuel WHITE, Appellant, v. UNITED STATES of America, Appellee.

No. 10918.

United States Court of Appeals
Sixth Circuit.

Dec. 6, 1949.

Appellant not represented.

Edward T. Kane, Detroit, Mich., Vincent Fordell, Detroit, Mich., for appellee.

Before HICKS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This cause was heard upon the transcript of record, briefs and oral argument by counsel for appellee, and the court being of opinion that there is no reversible error upon the record,

It is therefore ordered and adjudged that the judgment appealed from and entered of record in the District Court on April 29, 1949, be and the same is in all things affirmed.